S10Y1554. IN THE MATTER OF PAMELA GORDON.

(700 SE2d 539)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Respondent Pamela Gordon (State Bar No. 302377) and alleging violations of Rules 1.4, 1.15 (I), 1.15 (II) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum punishment for violating Rule 1.4 is a public reprimand and the maximum punishment for violating the other rules charged is disbarment.

Ms. Gordon was personally served by the sheriff on June 13, 2010 pursuant to Bar Rule 4-203.1 (b) (3) (i), but she failed to file a Notice of Rejection. Accordingly, she is in default, has waived her right to an evidentiary hearing and is subject to such discipline and further proceedings as may be determined by the Court, see Bar Rule 4-208.1 (b). The State Bar filed a Motion for Default based on Ms. Gordon's failure to reject the Notice of Discipline.

The facts, as deemed admitted by virtue of Ms. Gordon's default, show that a client hired Ms. Gordon on a contingency basis in an automobile accident case where the client was struck by an automobile while walking across the driveway of a gas station. The client suffered injury requiring medical treatment. In October 2008, Ms. Gordon settled the case with the driver's insurance company for $26,000. The insurance company delivered the funds to Ms. Gordon but she did not deposit them into her attorney trust account. Ms. Gordon kept $7,540 as her contingency fee and initially paid the client $7,000 by personal check. Ms. Gordon told her client that she reserved the remaining $11,460 to pay outstanding bills from medi-

cal service providers and that she had paid, or soon would pay, those bills with the remaining funds. The gas station's insurance company paid $5,000 directly to the medical service providers. Unpaid medical bills totaled $10,630.04. Subsequently, Ms. Gordon paid $2,973 to the client as her share of the settlement proceeds, but she did not pay any medical bills with the remaining $8,487, but kept the money for her personal use. Ms. Gordon did not tell her client that she did not pay the medical bills and after the client continued to receive bills from medical service providers, she contacted Ms. Gordon and discharged her. The Investigative Panel found as aggravating factors Ms. Gordon's theft of her client's funds and her prior disciplinary record, which consists of a formal letter of admonition on June 27, 2005.

Having reviewed the record, we agree with the State Bar that disbarment is the appropriate sanction in this case. Therefore, it hereby is ordered that the name of Pamela Gordon be removed from the rolls of persons authorized to practice law in the State of Georgia. Ms. Gordon is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.